SAM. S. SMITH v. JOAQUINA GLANTON ET AL.

1. The Constitution repealing usury laws did not legalize usurious contracts of date prior to its adoption.
2. The defense of usury may be interposed in an action brought upon a note of date prior to the adoption of the State Constitution.
3. While any part of the usurious debt remains unpaid, the statute of limitations will not cut off the right of the party who has paid usurious interest thereon to recover it back.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

This suit was brought by Joaquina Glanton, against the appellant and N. A. Taylor, on a note for eight hundred dollars, executed June 6, 1860, and due twelve months after date.

Before trial Glanton died, and the other appellees made themselves parties.

Smith and Taylor set up the plea that usurious interest was contracted for and paid by them to an amount sufficient to extinguish the note.

There was a verdict and judgment for the plaintiffs for the note with interest, and defendant Smith appealed.

*James H. Burts*, for appellant.

*N. P. Brewster*, for appellees.

WALKER, J.—It is possible his honor the district judge may have applied to this case the provision contained in the 44th Section of the 12th Article of the Constitution.

Respect should, however, have been paid to the fact that this suit was commenced in May, 1867, long before the adoption of the present Constitution.

The law applicable to this case, if, indeed, the contract was originally usurious, is contained in Article 3942, Paschal's Digest.

If a greater amount of interest than that allowed by law was contracted for, then the jury should have been instructed to apply the payments to the principal of the debt.

The plea of usury was a proper defense, and should have been admitted; and if the defendant had evidence to offer under it, he should have been permitted so to do.

No usurious contract is permitted to escape the vigilant inquest of a court of equity.

If the contract was originally usurious, no device can be permitted to cover it up, such as the taking of a new

note, the payment of interest without credit, or any other scheme or contrivance of the parties to blind the eye of the law.

· The inquiry, under a proper defense, may always be ·made; and so long as any portion of the debt remains unpaid, the statute of limitations will not cut off the right ·of a party who has paid usurious interest to recover it ·back.

The judgment of the District Court is reversed and the ·cause remanded.

REVERSED AND REMANDED.